UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VICIE CHRISTINE WILLIAMS,   CIVIL NO. 16-2778 (DSD/JSM)

    Plaintiff,

v.   REPORT AND RECOMMENDATION

VERNE MEYERS,

    Defendant.

JANIE S. MAYERON, United States Magistrate Judge

Plaintiff Vicie Christine Williams has filed a notice of removal with respect to state-court eviction proceedings. The notice of removal is defective; even if it were not, this Court lacks subject-matter jurisdiction over the underlying action; and even if the Court had subject-matter jurisdiction over the action, Williams may not remove an action to the District of Minnesota on the basis of diversity of citizenship. Accordingly, it is hereby recommended that this matter be remanded to state court.

As relevant to this case, the procedure and substantive standards governing the removal of actions to federal court are established by 28 U.S.C. §§ 1441 and 1446. Williams' attempt to remove the underlying state-court proceedings fails several provisions in those statutes:

*First*, under § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Two individuals — Vicie Williams and Lucretia Williams — are identified as defendants to the underlying state action, but only Vicie

1

Williams has signed the notice of removal.[1]  *See* Notice of Removal [Docket No. 1-1]. Without evidence of Lucretia Williams' consent to the removal, this matter could not proceed in federal court.

*Second*, under § 1446(a), the notice of removal must contain "a short and plain statement of the grounds for removal."  Williams' notice of removal fails this standard. Much of the document is incomprehensible, and almost none of the unnecessarily lengthy document has any relationship whatsoever to the underlying state-court litigation.

*Third*, under § 1441(a), a litigant may remove an action from state court to federal court only if the action is one "of which the district courts of the United States have original jurisdiction . . . ."  The allegations in the notice of removal are insufficient to establish this Court's jurisdiction over the action filed in state court.  No federal question is implicated by the eviction proceedings initiated against Williams.  *See* 28 U.S.C. § 1331.  Nowhere is the citizenship of defendant Verne Meyers alleged, and thus Williams has not have adequately plead that diversity of citizenship exists between the parties.  *See* 28 U.S.C. § 1332(a).  Further, the amount in dispute is not immediately obvious from the documents submitted by Williams, but at first approximation it is exceedingly doubtful that more than $75,000 is at stake.  *Id*.  Finally, no other source of original jurisdiction over this action is apparent to the Court from the notice of removal or accompanying documents.  This case may not proceed in federal court in the absence of a source of original jurisdiction over the action.

---

[1]  Although Williams is identified on the docket as the "plaintiff" of this case, she is in fact one of two defendants to the state-court action she seeks to remove.  *See* Docket No. 1-1 at 1.

*Fourth*, even if the parties are, in fact, of diverse citizenship, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Although Williams alleges herself to be a citizen of the Moorish National Republic or a "Moorish American Citizen," Notice of Removal at 3, the documents attached to the notice of removal make clear that she is domiciled in Minnesota (after all, the underlying state-court action is eviction proceedings with respect to property located in Minnesota).  "For purposes of diversity jurisdiction, the terms 'domicile' and 'citizenship' are synonymous."  *Yeldell v. Tutt*, 913 F.2d 533 (8th Cir. 1990); *see also Bey v. Supreme Court of New York*, No. 13-CV-1270 (ENV), 2013 WL 2304101, at *2 (E.D.N.Y. May 24, 2013) (discussing diversity of citizenship and domicile in the context of litigants claiming to be Moorish Americans).  Because Williams is by all appearances a citizen of Minnesota, she may not remove an action to the District of Minnesota on the basis of diversity of citizenship.

For those reasons, it is hereby recommended that this matter be remanded to state court.  Because this action may not proceed, this Court further recommends that the application to proceed *in forma pauperis* of Williams [Docket No. 2] be denied as moot.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein IT IS HEREBY RECOMMENDED THAT:

1. This matter be REMANDED to Hennepin County District Court.

2. The application to proceed *in forma pauperis* of plaintiff Vicie Christine Williams [Docket No. 2] be DENIED AS MOOT.

Dated:    September 28, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.